**UNITED STATES of America,**
**Appellee,**

v.

**Sambaly SOUMANO, Defendant–**
**Appellant.**

**Docket No. 01–1596.**

United States Court of Appeals,
Second Circuit.

Argued: Jan. 14, 2003.

Decided: Jan. 22, 2003.

Darrell B. Fields, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Defendant–Appellant.

Jennifer G. Rodgers, Assistant United States Attorney (Andrew J. Ceresney, Assistant United States Attorney, of counsel), for James B. Comey, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Before: WINTER, LEVAL, and CABRANES, Circuit Judges.

PER CURIAM.

Defendant–Appellant Sambaly Soumano pleaded guilty on April 3, 2001 in the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*) to one count of bribing a public official, in violation of 18 U.S.C. § 201(b)(1). On November 14, 2001, he was sentenced principally to four months of imprisonment. A judgment of conviction was entered against him on November 19, 2001.

The conduct supporting Soumano's conviction is as follows: On July 26, 2000, Soumano approached a Social Security Administration ("SSA") claims representative and offered to pay the claims representative if he would issue social security cards for undocumented aliens. Following this conversation, the claims representative contacted the SSA's Office of Inspector General to report the conversation. On August 10, 2000, the claims representative contacted Soumano by means of a monitored phone call, during which he told Soumano that, although he was not capable of obtaining the social security cards himself, he would introduce Soumano to someone who could.

Later that day, Soumano met with the claims representative, who introduced him to an undercover agent posing as an SSA employee. In a telephone conversation on August 13, 2000, Soumano agreed to meet

with the agent the following day and to provide him with a list of the undocumented aliens for whom he was requesting false identification, along with their addresses and relevant personal information. He also agreed to pay the undercover agent $250 per social security card.

On August 14, 2000, Soumano and the undercover agent met. Soumano gave the agent information for eleven undocumented aliens and $2,500 in cash as payment for the issuance of the eleven false documents. The next day, Soumano and the agent met again. The agent gave Soumano fake receipts for the eleven social security cards he had paid for the previous day. Soumano then requested two additional social security cards and provided the agent with the personal information and addresses of two additional undocumented aliens as well as $500 in cash as payment for these two cards. At the end of this meeting, Soumano was arrested.

■ In calculating Soumano's sentence, the District Court imposed a two-level sentencing enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2C1.1(b)(1) because the offense charged involved more than one bribe.[1] Soumano claims on appeal that the District Court erred by imposing a two-level enhancement pursuant to § 2C1.1(b)(1). We review the District Court's legal conclusion that Soumano's actions constituted more than one bribe under § 2C1.1(b)(1) *de novo*. *United States v. Arshad*, 239 F.3d 276, 280 (2d Cir.), *cert. denied*, 533 U.S. 910, 121 S.Ct. 2259, 150 L.Ed.2d 244 (2001).

■ Soumano argues that, under the test set forth in *Arshad v. United States*, *id.*, his conduct constituted only one bribe

for purposes of this Guideline. In *Arshad*, we listed three factors to be considered in determining whether multiple payments constitute a single bribe: (1) whether "the payments were made to influence a single action," *id.* at 280 (quotation marks omitted), (2) whether "the pattern and amount of payments bear the hallmarks of installment payments" because they constitute partial payments of "a fixed final sum," *id.* at 281, and (3) whether "the method for making each payment remains the same," *id.* at 282.

■ Although in the instant case the method of making payments was the same for both the initial $2,500 payment and the subsequent $500 payment, there can be no doubt that two separate bribes occurred. First, the two sums were not installments toward the payment of a larger, previously-agreed upon amount. *Id.* at 281. More importantly, the $2,500 payment and the $500 payment were clearly meant to influence two separate actions. Soumano made the $2,500 payment in exchange for the initial eleven false documents. The next day, after receiving a receipt from the agent for his initial "purchase," Soumano requested two more social security cards and gave the agent another $500 as payment for this separate and additional request.

Soumano argues that, pursuant to *Arshad*, these two payments constitute one bribe because they were in exchange for the same type of benefit. But we did not hold in *Arshad* that, where multiple bribes are paid seeking a single type of benefit, all of the payments must be considered part of a single bribe. Instead, we made clear that "multiple payments meant to influence more than one action should not

1. Although, pursuant to U.S.S.G. § 2C1.1(a), the base offense level for offering, giving, or soliciting a bribe is 10, section 2C1.1(b)(1) provides that, "[i]f the offense involved more than one bribe ... increase by 2 levels."

138

be merged together for purposes of § 2C1.1 merely because they share a single overall goal or are part of a larger conspiracy." *Id.* at 281. Further, Soumano's interpretation of *Arshad* would lead to absurd results because it would mean that, even if Soumano made hundreds of requests for false documents over many years and provided independent payments for each request, his conduct would only constitute one bribe for purposes of § 2C1.1. Ultimately, the question is whether multiple payments are a part of a single transaction or multiple transactions. Clearly, in this case, there were multiple transactions.

For the foregoing reasons, the District Court properly imposed a two-level sentencing enhancement pursuant to § 2C1.1(b)(1). Accordingly, the judgment of the District Court is hereby affirmed.