NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3958
_____

UNITED STATES OF AMERICA

v.

JOHN GROSSO,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. No. 2-15-cr-00207-001)
District Judge:  Honorable Stanley R. Chesler
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 23, 2016

Before:  McKEE, *Chief Judge*, FISHER, and GREENAWAY, JR., *Circuit Judges*.

(Filed: August 3, 2016)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

John Grosso was sentenced to 24 months' imprisonment for conspiracy to commit

extortion. He argues that the District Court erred by applying certain sentencing

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

enhancements under the United States Sentencing Guidelines and failing to fully consider the factors set forth in 18 U.S.C. § 3553(a). We will affirm his sentence.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Grosso was sentenced to 24 months' imprisonment after he pleaded guilty to one count of conspiring to commit extortion under color of official right affecting interstate commerce in violation of 18 U.S.C. § 1951(a). This sentence stemmed from Grosso's previous employment as a corrections officer at the Essex County Jail ("ECJ") in Newark, New Jersey. During Grosso's employment, he conspired with an ECJ inmate to deliver cell phones and tobacco products, supplied by the inmate's relative, to the inmate in exchange for $1,000 per transaction. These transactions were possible because Grosso, as a corrections officer, was in charge of searching for contraband and weapons. Grosso admits that these transactions occurred on two occasions.[1] Unbeknownst to Grosso, the inmate was working with the Government and the sting operation led to Grosso's conviction.

---

[1] In ruling on the enhancement for multiple bribes, the District Court specifically found that there were three bribes, a conclusion the Court repeated in evaluating the § 3553 factors. We will review the actions as Grosso admitted to them, however, because even with the consideration of only two, Grosso's claims still fail.

Based on Grosso's conduct, the District Court applied two Guidelines enhancements at sentencing: a two-level enhancement for offense conduct involving more than one bribe (§ 2C1.1(b)(1)) and a four-level enhancement because Grosso occupied a sensitive position (§ 2C1.1(b)(3)).

The District Court also considered the § 3553(a) factors, weighing Grosso's scant criminal history and his son's diagnosis with a rare kidney disease (which required extensive medical care) against its apprehensions about Grosso's abuse of a position of power and the need for deterrence because Grosso did not need the extra money when he committed the offense. These issues led the District Court to deny a downward variance. But, in consideration of Grosso's familial concerns, the District Court sentenced him to 24 months' imprisonment, the lowest end of the applicable Guidelines range of 24 to 30 months' imprisonment. Grosso timely appealed his sentence.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291. Factual findings are reviewed for clear error, and the ultimate sentence imposed is reviewed for abuse of discretion.[2] We exercise plenary review over questions of law.[3]

---

[2] *United States v. Richards*, 674 F.3d 215, 221 (3d Cir. 2012) (whether the defendant occupies a sensitive position under § 2C1.1(b)(3) reviewed for clear error); *Gall v. United States*, 552 U.S. 38, 46 (2007) (ultimate sentence reviewed for abuse of discretion).

[3] *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011).

III.

Grosso argued at sentencing, and argues here, that his underlying conduct did not support the application of the two Guidelines enhancements and that the District Court erroneously applied the § 3553(a) factors.

A.

Grosso asserts that because his conduct involved the same inmate, the same intermediary, and the same payment each time, it should be considered one continuing act and a two-level enhancement should not be applied under § 2C1.1(b)(1).

Section 2C1.1(b)(1) requires a two-level enhancement "[i]f the offense involved more than one bribe or extortion." The corresponding application note states that "[r]elated payments that, in essence, constitute a single incident of bribery or extortion (e.g., a number of installment payments for a single action) are to be treated as a single bribe or extortion."[4] However, "multiple payments meant to influence more than one action should not be merged together for purposes of § 2C1.1 merely because they share a single overall goal or are part of a larger conspiracy to enrich a particular defendant or enterprise."[5]

Although the two exchanges involved the same amount ($1,000) and the same actors, they should not be merged together. The Second Circuit held the same in *United*

---

[4] U.S.S.G. § 2C1.1, cmt. n.2.
[5] *United States v. Arshad,* 239 F.3d 276, 281 (2d Cir. 2001).

*States v. Soumano*.[6] In *Soumano*, the defendant had contacted a Social Security Administration claims representative in order to acquire social security cards for undocumented aliens. The claims representative contacted federal officials and a sting operation, similar to the one here, was implemented. The sting involved two meetings and each time the defendant provided money in exchange for social security cards. The Second Circuit held that, although the method of payment was the same each time, two bribes had occurred because the payments were not installments and were "meant to influence two separate actions."[7]

Two separate actions occurred in this case as well. Both times a new cell phone and more tobacco products were provided to the inmate in exchange for a $1,000 payment. Moreover, Grosso does not contend that the payments were installments for a larger, previously agreed upon amount. Consequently, the two-level enhancement was applied correctly.

Grosso next contends that his position as an ECJ corrections officer is the lowest in command and has no control or decision-making authority. He asserts that because he did not have such authority, he does not meet the requirements for § 2C1.1(b)(3) and, therefore, a four-level enhancement should not have been added to his total offense level.

Section 2C1.1(b)(3) requires a four-level enhancement "[i]f the offense involved . . . any public official in a high-level decision-making or sensitive position." The

---

[6] 318 F.3d 135 (2d Cir. 2003).
[7] *Id*. at 137–38.

5

application note clarifies that a "'sensitive position' means a position characterized by a direct authority to make decisions for, or on behalf of, a government department, agency, or other government entity, or by a substantial influence over the decision-making process."[8] An example of "a public official who holds a sensitive position [is] . . . a law enforcement officer . . . and any other similarly situated individual."[9]

Grosso was, as an ECJ employee, responsible for public safety, which included searching for weapons or contraband. He was given the opportunity to make decisions on behalf of ECJ in how to fulfill those responsibilities. A corrections officer has been held, by the Fourth Circuit, to be an individual who is similarly situated to a "public official who holds a sensitive position" (specifically a law enforcement officer) because he "wield[s] the coercive power of the state to maintain order and safety among the populations [he] protect[s]."[10] This power places him in a sensitive position because "correctional officers [who] accept bribes to bring contraband to prisoners . . . endanger those inside and outside of the prison."[11] This same reasoning applies here. Grosso's role as an ECJ corrections officer met the § 2C1.1(b)(3) requirements, and the District Court did not err in making that finding.

---

[8] U.S.S.G. § 2C1.1 cmt. n.4(A).

[9] *Id.* cmt. n.4(B).

[10] *United States v. Dodd*, 770 F.3d 306, 312 (4th Cir. 2014).

[11] *Id.* (noting that contraband cell phones "can be used by inmates to orchestrate criminal activity, plan escapes, and be a menace outside of prison walls") (internal quotation marks omitted).

B.

Grosso's final assertion is that the District Court erroneously applied the § 3553(a) factors. He points to his minimal prior criminal record; his employment at the time of sentencing; that no calls were made from the cell phones that he provided to the inmate because it was a sting operation; and his son's kidney disease.

For a sentence to be procedurally correct and substantively reasonable, "the record as a whole [must] reflect[ ] rational and meaningful consideration" of the § 3553(a) sentencing factors by the district court.[12]

The District Court did not err either procedurally or substantively. As evidenced by the record before us, the District Court considered the § 3553(a) factors and thoughtfully applied them to Grosso. Although Grosso's son's diagnosis is tragic, the District Court could not ignore the need for deterrence in this case.[13] It was not an abuse of discretion for the District Court to impose a sentence within the Guidelines range.

IV.

For the reasons set forth above, we will affirm the sentence imposed by the District Court.

---

[12] *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006) (internal quotation marks omitted).

[13] Although Grosso argues the opposite, this case is distinguishable from *United States v. Olhovsky*, 562 F.3d 530 (3d Cir. 2009). The District Court considered all of the applicable § 3553(a) factors. Specifically, the district court's failure to consider the defendant as an "individual offender" was our primary concern in *Ohlovsky*. *Id.* at 548–52. After a review of the record, it is clear that such a concern is not present in this case.